IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ROBBIE CHRISTY )
 )
v. ) No. 3:22-cv-0509
 )
KILOLO KIJAKAZI )
　Commissioner of Social Security )

To:　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI, respectively, of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 16), to which Defendant has filed a response. (Docket No. 19.)[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (Docket No. 4.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 16) be **DENIED**.

---

[1] Plaintiff inadvertently filed a duplicate copy of his motion and brief on the docket (Docket No. 17), which the Court DIRECTS the Clerk to TERMINATE AS MOOT.

# I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on August 30, 2019. (*See* Transcript of the Administrative Record (Docket No. 13) at 75-76.)[2] He alleged that he was unable to work, as of the alleged disability onset date of August 17, 2017, because of back pain, leg pain, and depression. (AR 75, 77.) The applications were denied initially and upon reconsideration. (AR 75-76, 103-04.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared and testified before ALJ David Ettinger on March 17, 2021. (AR 32.) On March 28, 2021, the ALJ denied the claim. (AR 14-16.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on June 16, 2022 (AR 2-5), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed a complaint in this Court seeking review of the ALJ's decision.

# II. THE ALJ'S FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since August 17, 2017, the alleged disability onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease and somatic symptom disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot more than occasionally climb ladders; cannot more than frequently climb stairs, balance, stoop, kneel, crouch or crawl; is limited to simple repetitive work; and cannot maintain attention or concentration for longer than two hours without interruption or for more complicated than simple work instructions.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant, born on August 9, 1975, was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school (12th grade) education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from August 17, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 20-27.)

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision will be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, the ALJ's decision must be affirmed if his or her "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id.* Second, the claimant is not disabled if he does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on his residual functional capacity ("RFC"), he can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work

4

based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

**B. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but at step three found that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff could not perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed him to perform a range of light work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 20-27.)

**C. Plaintiff's Assertions of Error**

Plaintiff presents three assertions of error, which allege that the ALJ: (1) failed to properly evaluate the medical opinion evidence of record; (2) failed to properly develop the record; and (3) failed to properly weigh Plaintiff's allegations of disabling symptoms. (Docket No. 16-1 at 8.)

5

Plaintiff therefore requests that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for either an award of benefits or additional consideration of his claims. (*Id*. at 16.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court now turns to Plaintiff's assertions of error.

### 1. Medical Opinion Evidence.

Plaintiff's first assertion of error involves the ALJ's assessment of multiple medical opinions pertaining to Plaintiff's purported mental impairments. Plaintiff contends that the ALJ improperly omitted some functional limitations included in an opinion provided by Dr. E-Ling Cheah, who performed a psychological consultative examination on March 3, 2020, despite concluding that Dr. Cheah's opinion was "persuasive." (Docket No. 16-1 at 10.) Plaintiff similarly argues that the ALJ failed to include certain "moderate" limitations in the RFC formulation that were suggested by the non-examining State agency psychological consultants who reviewed

Plaintiff's medical history despite determining that these opinions were "persuasive." (*Id*. at 10-11.)

There are two functional evaluations at issue. Dr. Cheah provided one assessment of Plaintiff's current mental functioning, which included the following:

> [Robby] appears to fall into the average range of intellectual functioning. He showed evidence of mild impairment in his short-term memory. He showed evidence of mild to moderate impairment in his ability to sustain concentration. He showed evidence of mild impairment in his long-term and remote memory functioning. His current psychiatric state was sad. He shows evidence of a mild impairment in his social relating. He appears to be moderately impaired in his ability to adapt to change. He appears able to follow instructions, both written and spoken. He appears to have had no work history since 2017. He appears able to handle finances.

(AR 244.) The other was performed by Dr. Jayne Dubois, a State agency consultant who, following a review of Plaintiff's records, found that he is moderately limited in his ability to maintain attention and concentration for extended periods of time, responds appropriately to changes in the work setting, and sets realistic goals or make plans independently of others. (AR 88.) Nonetheless, Dr. Dubois concluded that Plaintiff could understand and remember simple and detailed tasks, sustain concentration and persistence for such tasks, interact appropriately with supervisors, coworkers, and the general public, adapt to infrequent change, and set limited goals. (AR 88-89.)

When evaluating medical opinions, the presiding ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" but is instead directed to consider the "persuasiveness" of the medical opinions based on five categories that include supportability, consistency, the provider's relationship with the claimant, the provider's specialization, and other factors such as familiarity with the disability program's policies. 20 C.F.R. § 404.1520c(a)-(c).[3] As part of the RFC formulation in this case, the ALJ found that

---

[3] The corresponding regulation for SSI applications is found at 20 C.F.R. § 416.920c.

Plaintiff is limited to simple and repetitive work and cannot maintain concentration for longer than two hours without interruption. (AR 21.) The ALJ stated the following with respect to the opinions of Drs. Cheah and Dubois:

> The opinions of Dr. [Thomas] Thrush, Dr. [Robin] Gilmore, Dr. Cheah, Dr. [Dorothy] Tucker, and Dr. Dubois … are persuasive because they are well explained and consistent with the claimant's treatment records and mental status examination by Dr. Cheah. I note that no medical source has opined that the claimant has limitations [more] severe than those included in my residual functional capacity finding. Therefore, I conclude the claimant retains the residual functional capacity outlined above because it is supported by the preponderance of the evidence and objective medical findings.

(AR 25.) Plaintiff argues that remand is required because the ALJ failed to "explain why he declined to assess further limitations in Mr. Christy's ability to concentrate, socialize, and adapt[.]" (Docket No. 16-1 at 11.)

The Court finds no error in the ALJ's explanation for the RFC formulation. As an initial matter, Plaintiff incorrectly suggests that the ALJ was required to fully adopt the opinions of Drs. Cheah and Dubois after deeming them "persuasive." This is simply not true. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *see also Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022) ("[A]n ALJ's finding that an opinion is persuasive does not require the ALJ to adopt the opinion in its entirety."). If it were, the ALJ's role would be limited to selecting a medical opinion from the administrative record to operate as a claimant's RFC, which is not what the statute mandates. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ – not a physician – ultimately determines a claimant's RFC.").

Plaintiff also fails to identify the additional limitations he believes should have been included in the RFC. The ALJ concluded that Plaintiff has a moderate limitation in concentration, persistence, and pace (AR 21), which is consistent with the moderate findings detailed by Drs. Cheah and Dubois in this area of mental functioning. (AR 88, 244.) The RFC restricts Plaintiff to simple and repetitive work (AR 21), which is consistent with both Dr. Dubois' finding that Plaintiff can understand and remember simple and detailed tasks (AR 88) and relevant case law. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (finding that a "limitation to simple, routine, and repetitive tasks adequately conveys Smith-Johnson's moderately-limited ability to maintain attention and concentration for extended periods"). This RFC limitation is also consistent with the outer limit of Dr. Cheah's finding of "mild to moderate" impairment in sustaining concentration. *See Hycoop v. Comm'r of Soc. Sec.*, No. 1:15-CV-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016) ("The ALJ found that Plaintiff had only moderate limitations with regard to concentration, persistence or pace. Such limitations could be accommodated by performing simple, routine work.") (citing *Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001)) (cleaned up). Because Plaintiff identifies no actual limitation suggested by either Dr. Cheah or Dr. Dubois that was omitted from the RFC, he has not presented a basis for reversal. *See Kaplun v. Comm'r of Soc. Sec.*, No. 2:14-CV-0439, 2015 WL 736475, at *6 (S.D. Ohio Feb. 20, 2015), *report and recommendation adopted*, 2015 WL 1954453 (S.D. Ohio Apr. 29, 2015) (finding that any error in the ALJ's failure to adopt a State agency consultant's opinion in its entirety was harmless because ALJ assigned RFC that was more favorable to the claimant); *see also Howard v. Colvin*, No. 1:14-cv-4, 2015 WL 137525, at *6 (E.D. Tenn. Jan. 6, 2015) (noting that an ALJ's finding of "moderate" restrictions in concentration, persistence, and pace was

"within the range of limitation" opined by consultative mental examiner who found that claimant had "moderate to marked" impairment in concentration).

   2. **The ALJ's Development of the Record.**

Plaintiff next argues that the ALJ did not adequately develop the administrative record, namely by failing to obtain records relating to a previous back surgery and physical therapy, and by failing to procure a functional assessment from a treating or examining physician. Plaintiff additionally claims that the ALJ "did not develop testimony at the [administrative] hearing regarding how Mr. Christy performed his past work," (Docket No. 16-1 at 11), and emphasizes the ALJ's "heightened duty" to develop the administrative record in cases where a claimant appears at a hearing without representation, *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002), such as the instant one.

Plaintiff's argument is unavailing. Like the claimant in the *Nabours* decision – which held that an ALJ did not violate any heightened duty to develop the record – Plaintiff coherently waived his right to representation, discussed his medical impairments without issue, and even questioned the vocational expert during the administrative hearing (AR 34-35, 39-41, 47-48), which weighs against any finding that he was denied a fair hearing. *See Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) ("Though Wilson chose to proceed without counsel, the hearing transcript discloses her grasp of the proceedings and the adequacy of her case presentation to the ALJ."). The Court also notes that Plaintiff did obtain representation before filing a request for review of the ALJ's decision with the Appeals Council but made no assertion in his briefing that he was denied a fair hearing (AR 153-55), which further demonstrates the adequacy of the administrative hearing. *See Nabours*, 50 F. App'x at 275 ("There is nothing of record that would

10

indicate anyone took advantage of Nabours when she waived counsel with knowledge of the consequences.").

Plaintiff's additional claim that the ALJ failed to "develop testimony regarding the nature Mr. Christy's past work" (Docket No. 16-1 at 13) includes no accompanying argument as to how the ALJ actually erred in his evaluation of Plaintiff's past employment. Any argument in this regard is therefore waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)). Even if Plaintiff had done so, nothing in the ALJ's conduct could reasonably give rise to reversible error given that the ALJ repeatedly gave Plaintiff opportunities during the hearing to explain why he was purportedly unable to work. (AR 38, 44, 48.)

The Court similarly finds that the absence of medical records documenting Plaintiff's back surgeries and subsequent physical therapy from the administrative record does not constitute reversible error. Plaintiff merely notes that there are no "surgical records" in the administrative record (Docket No. 16-1 at 12) but fails to describe in any amount of detail what those records reveal or how they might have impacted the ALJ's decision. The same applies to any records pertaining to physical therapy, which are mentioned only once in passing in a provider's notes (AR 278) but were not discussed by Plaintiff during the administrative hearing. Nor does Plaintiff attach the "surgical records" or physical therapy documents to his motion, which, as noted by the Commissioner, would allow the Court to determine whether the evidence in question would support remand under sentence six of 42 U.S.C. § 405(g). *See Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 422 (6th Cir. 2014) ("A remand under sentence six is warranted only where an applicant presents new and material evidence and there is a reasonable justification for failing to

present the evidence to the ALJ."). Plaintiff instead cites a record from March 29, 2017 – one week after he underwent what is described as a lumbar laminectomy – in which the treating provider noted that Plaintiff's pre-surgery pain was "gone," and that he was recovering so well that he was "actually leaving for a trip to Florida" the following day. (AR 283.) The relevance of any such records is further attenuated by the fact that the operation in question took place approximately five months before the alleged onset date.

Finally, although the absence of a treating source opinion in the record is regrettable, it does not constitute a basis for reversal of the ALJ's decision. It is the claimant's burden to provide evidence demonstrating disability, *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and Plaintiff identifies no authority requiring the ALJ to procure a treating source opinion on a claimant's physical functioning before formulating the RFC. *See Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 304 (6th Cir. 2019) ("An ALJ has discretion to determine whether further evidence … is necessary.") (citing *Foster*, 279 F.3d at 353). The ALJ instead need only provide a "logical bridge between the evidence and the result," *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017), and Plaintiff does not assert that the ALJ in this case failed to do so.

Plaintiff instead relies heavily on the Sixth Circuit's decision in *Lashley v. Sec'y of Health & Human Servs.* to argue that the ALJ in this case had a "special duty" to develop the record in light of Plaintiff's *pro se* status. 708 F.2d 1048, 1052 (6th Cir. 1983). While technically still good law, the Sixth Circuit has recently made clear that *Lashley* should be viewed as "an extreme example of an ALJ failing to adequately develop the record before it," in particular because the *Lashley* claimant, in addition to testifying at the administrative hearing without counsel, had only a fifth grade education and was "inarticulate … and easily confused" following a series of strokes

he had recently suffered. *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 564 (6th Cir. 2022). Because no such circumstances even remotely exist in the current case, the Court cannot conclude that the ALJ violated any heightened duty to develop the record. This assertion of error is therefore rejected.

### 3. Subjective Complaints of Disabling Pain.

Plaintiff's final assertion of error involves the ALJ's determination that Plaintiff's statements regarding the severity of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record[.]" (AR 22.) When a claimant alleges the existence of disabling symptoms, the ALJ is required to evaluate the symptoms pursuant to a two-step process formulated by the Sixth Circuit in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986). The ALJ must first determine whether there is objective medical evidence of an underlying condition and, if so: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. *Id.* at 853.

This standard was later incorporated into Social Security Ruling ("SSR") 16-3p, which directs the ALJ to evaluate a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). This evaluation is based on seven factors that include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the alleged pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant uses; (5) the claimant's non-medication treatment; (6) any measures other than treatment

13

the claimant employs to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8 (citing 20 C.F.R. § 404.1529(c)(3)). The precursor to SSR 16-3p, SSR 96-7p, required the ALJ to make a "credibility" determination based on the claimant's statements regarding the limiting effects of his alleged symptoms, 1996 WL 374186, at *3 (July 2, 1996), and while the Commissioner removed any reference to "credibility" in SSR 16-3p, there is no substantive change in the ALJ's analysis, and case law pertaining to credibility evaluations under SSR 96-7p remains applicable. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"); *see also Young v. Berryhill*, No. 3:17-cv-395, 2018 WL 1914732, at *6 (W.D. Ky. April 23, 2018) ("The analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p."). District courts still accord "great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations, *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011), and claimants seeking to overturn the ALJ's decision continue to "face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).

The Court finds that the ALJ's determination regarding the consistency of Plaintiff's allegations is supported by substantial evidence. The ALJ cited a recent office note from a treating provider indicating that, although Plaintiff was diagnosed with lumbar degenerative disc disease, he was suffering from mostly "mild" symptoms. (AR 25, 278.) And while acknowledging the presence of "moderate disc space narrowing" in the lumbar spine, the ALJ appropriately highlighted a consultative physical examination in February 2020 during which Dr. Donita Keown noted that Plaintiff's effort "did not appear to be reliable" and prevented the rendering of a

functional assessment (AR 22, 238), which supports the ALJ's determination. *See Powell v. Colvin*, No. 5:12-cv-0157, 2014 WL 689721, at *6 (W.D. Ky. Feb. 20, 2014) (noting that exaggeration of symptoms "is a legitimate factor in determining credibility") (citing *Tonapetyan v. Comm'r of Soc. Sec.*, 242 F.3d 1144, 1148 (9th Cir. 2001)). The ALJ also emphasized Plaintiff's conservative treatment following his 2017 back surgery, including his use of over-the-counter medications only as needed (AR 22, 283), which bolsters the finding that no disabling condition exists. *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013). Such analysis is sufficient to support the ALJ's decision. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) ("'If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.'") (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

Plaintiff attempts to overcome this evidence by referencing three office visits between August and November of 2020 – during which he displayed a "limited" range of motion in the lumbar spine and a "mildly antalgic gait" but "full strength in his upper and lower extremities" (AR 252, 258) – to suggest that the ALJ "engaged in impermissible cherry-picking." (Docket No. 16-1 at 15-16.) Even overlooking the fact that the ALJ very clearly acknowledged these findings in his opinion (AR 22-23), such findings do not negate the countervailing evidence cited by the ALJ to support his decision. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence."). Plaintiff additionally faults the ALJ for relying on Plaintiff's "sporadic" treatment to discount his allegations without acknowledging the financial hardships he expressed during the hearing. (Docket No. 16-1 at 14-15.) However, the ALJ did in fact acknowledge Plaintiff's testimony regarding his financial

problems. (AR 24.) And while the Court certainly sympathizes with Plaintiff's situation, Plaintiff testified – and the record shows – that he has health insurance (AR 43, 257) and, more significantly, that his lack of consistent treatment was not the result of financial hardship. *See Peters v. Colvin*, No. 2:15-CV-217, 2016 WL 4965114, at *9 (E.D. Tenn. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 4921031 (E.D. Tenn. Sept. 14, 2016) (noting that the providers who treated claimant "did not refer her to specialists or state they would have but for her financial situation"). For these reasons, the Court necessarily rejects this assertion of error.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 16) be DENIED and the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge